IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TERENCE B. BENJAMIN, SR.**                                                       **PLAINTIFF**

v.                                                               CAUSE NO. 1:14CV115-LG-JCG

**HARRISON COUNTY and**
**STATE OF MISSISSIPPI**                                                           **DEFENDANTS**

### ORDER GRANTING MOTION TO DISMISS
### FILED BY HARRISON COUNTY

**BEFORE THE COURT** is the Motion to Dismiss [16] filed by Harrison County. Terence B. Benjamin, Sr., has not filed a response in opposition to the Motion and the deadline for filing a response has expired. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Benjamin's claims against Harrison County should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

### BACKGROUND

Terence B. Benjamin, Sr., pled guilty to felony driving under the influence in the First Judicial District of the Circuit Court of Harrison County, Mississippi. In an Order entered on November 16, 2010, Benjamin was sentenced to five years imprisonment with two years suspended, leaving three years to serve. The court further ordered that Benjamin would not be released from prison until he successfully completed the Long Term Drug and Alcohol Rehabilitation Program. In a separate cause number, Benjamin was re-sentenced on March 12, 2012, to eight years imprisonment to run consecutive to the sentence imposed in the November 16, 2010 Order.

On March 6, 2014, Benjamin filed the present lawsuit against Harrison County and the State of Mississippi, claiming that the November 16, 2010 Order was illegal, because it was incorrect and incomplete. He also claimed that the March 12, 2012 re-sentencing was improper, because he was not represented by counsel at the re-sentencing hearing. As a result of these alleged issues, Benjamin claims that he was "lost in the system," and he seeks $25,000,000 in damages. There is no indication that Benjamin filed an appeal or a petition for habeas corpus related to either conviction or sentence. Based on the address that Benjamin submitted to the Court and a search of the Mississippi Department of Corrections inmate directory, it appears that Benjamin has been released from custody. Harrison County has filed a Motion seeking dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

## DISCUSSION

In *Heck v. Humphrey*, the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 487 (internal footnotes omitted). The Fifth Circuit has determined that the holding in *Heck v. Humphrey* applies even where the plaintiff

is no longer incarcerated and thus no longer able to file a habeas petition. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

In the present case, Benjamin asks this Court to hold that the sentences imposed against him were illegal, and his request for monetary damages is contingent on a determination that the sentences were illegal. Furthermore, Benjamin has not demonstrated that either of the convictions or sentences at issue has been invalidated. As a result, Benjamin's lawsuit against Harrison County is barred by *Heck v. Humphrey*.[1]

## CONCLUSION

Since Benjamin's lawsuit against Harrison County is barred by *Heck v. Humphrey*, his claims against Harrison County must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [16] filed by Harrison County is **GRANTED**. Terence Benjamin's claims against Harrison County are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2014.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge

---

[1] Even if Benjamin's Complaint could be construed as a habeas corpus petition, there is no indication that Benjamin exhausted his state court remedies prior to filing this lawsuit. As a result, any habeas corpus petition filed by Benjamin should be dismissed as well. *See* 28 U.S.C. § 2254(b)(1)(A).